IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2141-BO

| | |
|---|---|
| LARRY EAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| TRACY JONES, Warden ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Government's Motion for Reconsideration of the Court's March 10, 2011 Order denying the Government's Motion to Dismiss ("Order"). The Government's Motion is DENIED.

I. FACTS

In the Court's Order, the Court found that Petitioner was entitled to bring his 28 U.S.C. § 2241 habeas petition challenging his money laundering petition pursuant through the "savings clause" of 28 U.S.C. § 2255.

In considering whether the savings clause will permit a petitioner to bring a second or successive petition pursuant to § 2241, the Fourth Circuit has developed the following three part test: (1) at the time of conviction, settled law of a circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255

because the new rule is not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

When the Court first considered this matter, the Government had conceded that Respondent met the third prong. Therefore, the only issues discussed in the Court's Order were the first and second prong.

The Court found that the relevant law for these prongs is Ninth Circuit case law, as Petitioner was sentenced in the United States District Court of Arizona. At the time of Petitioner's conviction, the settled law of the Ninth Circuit established the legality of Petitioner's conviction, thus meeting the first prong. Subsequent to Petitioner's appeal and first § 2255, the Ninth Circuit interpreted Supreme Court Decision United States v. Santos, 553 U.S. 507 (2008)to find that Petitioner's conduct likely no longer constitutes money laundering. Thus, the Court found the second prong was also met.

Although the Government had conceded the third prong was met, the Court also noted that this prong was satisfied: the Ninth Circuit had denied Petitioner's application to file a successive § 2255 motion because Santos did not establish a new constitutional rule. Therefore, the Petitioner could not satisfy the gatekeeping provisions of § 2255

Now, the Government challenges two issues it previously conceded. First, it contends that the substantive law governing the first and second prong is not where the Respondent was convicted, but where the case was filed—namely the Fourth Circuit. The Government also argues that the Ninth Circuit's denial of his § 2255 petition bars his instant claims.

Additionally, the Government again requests transfer to the District Court of Arizona.

## II. DISCUSSION

The Government's arguments are unpersuasive and provide no reason for this Court to reconsider its Order.

### A. The substantive law of the circuit of conviction governing the habeas analysis

The government argues that Fourth Circuit substantive law governs the habeas "savings clause" analysis. The Government attempts to support its conclusion with Fourth Circuit case In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) and Seventh Circuit Case In re Davenport, 147 F.3d 605, 612 (7th Cir. 1998). The Court finds that the Government has grossly misinterpreted these cases.

First, the Government cites the three part Jones test, which establishes when a Petitioner bring a § 2241 challenge through the savings clause:

> Accordingly, we conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, *settled law of this circuit or the Supreme Court established the legality of the conviction*; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34 (emphasis added). The Government uses this language to argue that "the relevant law is tied to the precedents and interpretations of the Fourth Circuit–the circuit in which the petitioner filed his motion." Gov.'s Mot. at 3. The Government conveniently leaves out the fact however, that the Petitioner in Jones was also *convicted* in the Fourth Circuit. Thus, Jones' statement that the controlling law is "the settled law of this circuit" provides no guidance for cases where the petitioner is petitioning from a different circuit then from the one in which he was convicted.

The Government also misrepresents Davenport. Like in Jones, the Petitioner there was also filing his habeas petition in the same circuit that affirmed his convictions. Davenport discussed what constitutes a "change of law" that can be retroactively applied to a prisoner on habeas review. The Seventh Circuit stated that "'change in law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated[.]" Id." The Seventh Circuit further stated that "[w]hen there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit." Id. Contrary to supporting the Government's case, this holding supports that the relevant circuit case law to be applied is the place of conviction.

Indeed, a district court in the Seventh Circuit has interpreted Davenport to hold that the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit. See Hernandez v. Gilkey, 242 F. Supp. 2d 549 (S.D. Ill. 2001). In explaining the "circuit split rule" established in Davenport, the Hernandez court stated:

> The rule ensures that the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking vacation of a conviction. Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction. The rule Zuniga believes appropriate—applying the substantive law of the place of confinement—is actually far more arbitrary. Such a rule would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction. It would result in similarly situated prisoners—perhaps even co-defendants convicted of the exact same crimes—being treated differently because of their location of confinement. It would also raise the possibility of prisoner "forum shopping" by behavior modification. For example, a prisoner desiring to have Seventh Circuit law apply to him could misbehave in order to be sent to USP-Marion, a maximum security facility in Marion, Illinois.

Id. at 554. In Chaney v. O'Brien, the Western District of Virginia adopted the holding and reasoning in Hernandez to find that the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted.[1] No. 7:07-CV-0012, 2007 WL 1189641, at *3 (W.D. Va. April 23, 2007. The Fourth Circuit affirmed "for the reasons stated by the district court." Chaney v. O'Brien, 241 Fed. Appx. 977 at *1 (4th Cir. 2007). See also, Van Hoorelbeke v. States, No. 0:08-3869-CMC-PJG, 2010 WL 146289 at *2 (D.S.C. Jan. 8, 2010) (citing Chaney).

Additionally, the Court notes that the Government has previously conceded that the Ninth Circuit's interpretation of Santos is the applicable case law governing Petitioner's § 2241 analysis. Gov.'s Memo in Support of Mot. to Dismiss at 4,7. The Government admits this previous concession in their brief. Gov's Mot. for Recons. at 3, n. 2.

The Government has provided no reason for the Court to question its previous finding that the substantive law of the circuit where a Petitioner was convicted controls his habeas petition. As the Petitioner was convicted in the District of Arizona, Ninth Circuit law controls the analysis in this case.

B. The Ninth Circuit's denial of Petitioner's request to file a successive § 2255 motion only helps his claim

The Government also argues that since the Ninth Circuit denied Petitioner's Santos claim in his application to file a successive § 2255 motion, he is now barred from seeking habeas relief from this Court. This is also unpersuasive.

As the Court clearly stated in its initial Order, the Ninth Circuit properly denied Petitioner's Santos claim under § 2255. A new constitutional right is required to file a successive

---

[1] The Chaney Court refers to Hernandez v. Gilkey as Zuniga v. Gilkey. As evidenced by the citation however and the Chaney's Court's quotations, the Court is clearly referring to the same case.

5
Case 5:09-hc-02141-BO Document 26 Filed 06/21/11 Page 5 of 6

petition under § 2255, and it is undisputed that Santos did not establish a new constitutional right. The appropriate remedy to bring a Santos claim is instead a § 2241 petition, as now before the Court.

Indeed, in order to establish the third prong of the Savings Clause test under the three part Jones test, the Petitioner must show that "the prisoner cannot satisfy the gate keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 334. Thus, the unavailability of relief under § 2255 is the precise reason that Petitioner is able to now bring his § 2241 motion. The Government previously conceded this point. Their new resistance to this issue is without merit.

### C. Denying Request to Transfer

Finally, for all the reasons stated in the Court's initial order, the Court denies the Government's request to transfer this matter to the District of Arizona.

### III. CONCLUSION

The Government has given the Court no reason to reconsider its previous Order. The Government's Motion is thus DENIED.

SO ORDERED, this __20__ day of June, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE